Van Brunt, P. J.
The learned counsel for the appellant has shown undoubtedly great industry in coloring cases which in his opinion tended to support his theory of the case, but seems to have been strangely affected with blindness, otherwise he could not have made the confident assertions contained in his brief that many of the serious propositions contained in the opinion of the learned justice *636 who passed upon this demurrer, were either sustained by no authority or were unwarranted, or have no legal meaning as every proposition to which these criticisms were attached was supported by adjudications of the court of appeals.
The learned justice in his opinion says that the claim need not be valid either in law or equity, though it must not be entirely without foundation.
The learned counsel for the appellant in his brief asserts that there is no foundation for this proposition in any previous decision, nor in any treatise.
In the case of White v. Hoyt (73 N. Y., 514), the court say in discussing the question of the validity of a promise to pay a doubtful claim “we cannot say that” the claim of the plaintiff “was entirely without foundation, so that it would not serve as a consideration for the promise alleged. It is not necessary to uphold a promise based upon the surrender or composition and compromise of a claim that it was a valid claim, one that could be enforced at law,” which seems to be a very plain authority in support of the proposition laid down by the learned justice.
The promise in the case at bar, the justice says, was founded upon a claim having at least a probable foundation.
The learned counsel finds this a misty and cloudy expression, and as the word doubtful is not used, it is characterized as unwarranted.
The learned justice seems again to be sustained in his view that there is more than one word which can be used in stating the proposition communicated by him by the case of White v. Hoyt (supra), in which the court say:
‘ ‘ The plaintiff would have had a colorable claim to his lien for a general balance, and it is not necessary to determine whether it would have been certainly sustained at law.”
“ Colorable claim” seems to be no less misty and cloudy than “claim founded upon a probable foundation.”
The learned Justice having said that the plaintiff’s claim had a color of right and justice, and that it had sufficient legal foundation to support the promise, the learned counsel asserts that the word “color,” as here used, has no legal meaning, and yet we find by the passage above stated that the court of appeals make use of the same expression in stating the same legal proposition, and we may infer that they must have supposed that the word in question had some legal meaning or it would not have been used.
But Mr. Chitty, in his work on Contracts, in discussing the very question involved in this appeal, seems to have fallen into the same looseness of language which is so severely criticised by the learned counsel for the appellant, when speaking of the propositions enunciated by the learned justice in the court below. Mr. Chitty says (Vol. 4, 45):
*637 “And there can be no doubt that the resignation of a colorable claim conflicting with that of another person, and the settlement of a dispute between the parties, without suit, constitute a good consideration.”
It would therefore appear that the learned justice had very good authority for the use of this word, which has no legal meaning, as claimed by the counsel for the appellant.
The complaint was sufficiently certain to show that the defendant had discharged the plaintiff, assigning therefor a reason which he knew to be false, and which, if true, necessarily worked an injury to the plaintiff, because of the rules and regulations iff the association to which the defendant belonged, and to the members of which the plaintiff had to look for his future employment.
It is entirely immaterial whether the words were or were not slanderous, if they were false and calculated to work an injury to the plaintiff, and did work such injury^ in consequence of the peculiar situation of the parties in their business relations, they certainly gave the plaintiff a color-able claim for redress against the defendant.
Such facts are set out in the complaint, and by the demurrer are admitted to be true.
The judgment appealed from must be affirmed, with •costs.
Potter and Lawrence, JJ., concur.